UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

COLUMBUS LIGHT AND WATER DEPARTMENT                           PLAINTIFF

v.                                              Civil No. 1:18-cv-00031-GHD-DAS

UMR, INC.                                                    DEFENDANT

## MEMORANDUM OPINION

Now before this Court is Plaintiff Columbus Light and Water Department's Motion for

Reconsideration [15]. Having considered the matter, the Court finds the motion should be denied.

### Background

The Department is a municipal utility provider for the City of Columbus, Mississippi. In

2016, the Department established a self-funded health insurance plan for its employees and con-

tracted with Defendant UMR to serve as a third-party claims administrator for the plan.

The Department claims that according to the agreements between it and UMR, dependents

of employees under age 26 would be eligible for coverage under the plan, while dependents age

26 and older would not. The Department alleged that UMR breached the agreements by approving

a claim submitted by a 26-year-old dependent that UMR knew was ineligible for coverage under

the plan.

UMR moved for a judgment on the pleadings. This Court found that the service agreement

between the parties allocated responsibility to the Department to inform UMR who was covered

under the plan and when dependents were no longer eligible to be covered under the plan. Because

the Department did not allege that it had informed UMR the dependent in question was no longer

eligible, the Department did not plead that UMR violated the agreement by approving a claim

submitted by the dependent. Therefore, the Court granted UMR's motion. The Department now moves this Court to reconsider.

## Motion to Reconsider Standard under Rule 59(e)

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Because the motion before this Court was filed within 28 days of the Court's order, the Court will treat the motion as a Rule 59(e) motion to alter or amend judgment. *See* FED. R. CIV. P. 59. A Rule 59 motion is the proper vehicle by which a party can "correct manifest errors of law or fact" or "present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A party should not attempt to use the Rule 59 motion for the purpose of "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479, (citing *Simon v. U.S.*, 81 F.2d 1154, 1159 (5th Cir. 1990)).

## Analysis

The Department argues that this Court should reconsider its previous ruling in light of the Summary Plan Description it has now submitted. [15-1]. It claims that this "newly discovered evidence" establishes that UMR breached its agreement with the Department by approving claims for the ineligible dependent.

That argument fails for two reasons. First, the Summary Plan Description is not "newly discovered evidence." Newly discovered evidence must, at the least, be unavailable at the time the initial motion was considered. *See Russ v. Int'l Paper Co.*, 943 F2d 589, 593 (5th Cir. 1991) (holding that an unexcused failure to present evidence that was available at the time a summary judgment motion was under consideration is a valid basis for denying a motion to reconsider); *Templet*

2

*v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Lovell v. Hamp*, 228 F. Supp. 2d 773, 775 (N.D. Miss. 2001). It is difficult to image how the Summary Plan Description, as the document the Department would distribute to its employees describing the insurance plan the it was offering to them, was somehow unavailable to the Department. It was referenced numerous times in the Department's complaint. Indeed, this Court, in its prior opinion, noted how unusual it was that the parties, especially the Department, did not submit such a seemingly important document to the Court despite making repeated references to it. The Summary Plan Description is not newly dis-covered, and therefore the Court need not consider it as a basis for reconsideration.

Second, even if the Court were to consider it, the Summary Plan Description reaffirms that it was the Department's duty to inform UMR when a dependent was no longer eligible. The Sum-mary Plan Description begins by naming the Department as "Plan Administrator" and UMR as "Third-Party Administrator". Summary Plan Description at 1. It then goes on to provide that:

> In particular, the Plan Administrator [the Department] will have *full and sole discretionary authority* to interpret all Plan documents, in-cluding this SPD, and make *all interpretive and factual determina-tions as to whether any individual is entitled to receive any benefit* under the terms of this plan.

*Id.* at 3 (emphasis added). Thus, by the terms of the Summary Plan Description, it is the Depart-ment that possesses not only the obligation, but the sole authority to determine whether someone is covered under the Plan or not. Additional provisions provide that employees must notify the Department, not UMR, when their dependents' eligibility changes:

> The Plan reserves the right to check the eligibility status of a De-pendent at any time throughout the year. You and Your Dependent have an obligation to notify the Plan should the Dependent's eligi-bility status change during the Plan year. Please notify Your Human Resources Department regarding status changes.

*Id.* at 15. The same applies to continued coverage under COBRA:

> The Covered Person must give notice to the Plan Administrator in the case of divorce or legal separation of the of the Employee and a Dependent Child ceasing to be eligible for coverage, or a second Qualifying Event.

*Id.* at 24. These provisions are consistent with the Administrative Services Agreement, which states that "Customer will tell UMR which of Customer's Employees, their dependents and/or other persons are Participants." Administrative Services Agreement [4-1] § 2.5.

The Department argues that the Summary Plan Description imposes a duty on UMR to deny any claim submitted by a dependent child over the age of 26. It points to the provision that defines an "eligible Dependent" as "[a] Dependent child until the Child reaches his or her 26th birthday", Summary Plan Description at 15, and another section that provides that:

> When UMR receives a claim for a service that has been provided to a Covered Person, it will determine if the service is a covered benefit under this group health plan. If the service is not a covered benefit, the claim will be denied and the Covered Person will be responsible for paying the provider for these costs. If the service is a covered benefit, UMR will establish the allowable payment amount for that service, in accordance with the provisions of the SPD.

*Id.* at 79. But that provision only states that UMR will determine whether the *service* is covered under the plan. The Summary Plan Description also provides several exceptions where certain disabled dependents could obtain extended coverage past the age of 26, defeating the Department's assertion that UMR could ascertain a dependent's eligibility based on age alone. *See id.* at 15-16.

The provisions of the Summary Plan Description, taken together with the Administrative Services Agreement, lay out a clear allocation of responsibility and they task the Department, as an employer utilizing a self-funded plan, with keeping track of which of its employees and their dependents are covered under the plan and notifying UMR of any changes. Accordingly, the Court's consideration of the Summary Plan Description does not reveal a manifest error of law in the Court's original ruling.

## Conclusion

The Department fails to establish that this Court committed a manifest error of law, nor have they provided newly discovered evidence that warrants relief from this Court's prior ruling. Accordingly, the motion for reconsideration is denied.

A separate order shall issue.

This, the 24th day of July, 2018.

_____

SENIOR U.S. DISTRICT JUDGE